ATCHAFALAYA LEVEE & DRAINAGE DIST. *v.* NICHOLSON *et al.*

[89 South. 619, No. 22291.]

DRAINS. *Where land sought to be added to established district lies in two counties, chancery court has sole jurisdiction.*

Under chapter 269, Laws of 1914, and amendments thereto, where the land in the proposed or established district is wholly within one county, the board of supervisors has sole jurisdiction to

form the district and carry out its purposes, but when the land lies in two counties the chancery court has jurisdiction; and where it is proposed to add benefited territory to a district already established, whose lands were wholly within one county, but have since been divided by the formation of a new county, and the lands proposed to be added lie in two counties, the chancery court has sole jurisdiction to add the new territory, since the legislature intended that the jurisdiction over any drainage district, old or new, embracing lands in two counties, shall be in the chancery court, notwithstanding the different conditions at the time of the establishment of the old district.

APPEAL from chancery court of Yazoo county.

HON. V. J. STRICKER, Chancellor.

Petition by the Atchafalaya Levee & Drainage District in the chancery court to have assessments on lands claimed to have been benefited by drainage district approved and giving required legal notice. Fred D. Nicholson and others appeared and demurred to the petition. Demurrer sustained and the District appeals. Reversed and remanded.

*Barnett & Perrin,* for appellant.

The sole question for decision is where the said petition should have been filed, whether with the board of supervisors, or the chancery court. The establishment of drainage districts is statutory. The statute under which the Atchafalaya Drainage District was established, chapter 269, Laws of 1914, in the very first section provides that if land in more than one county is embraced in the proposed district, the application shall be addressed to the chancery court of any county of such district, and further provides that, wherever the words board of supervisors, or president of the board of supervisors, are used in this act, they shall be construed to mean chancery court, or chancellor, etc.; where the district contains land in more than one county. Section 7, chapter 269, Laws of 1914, under which the pet'tion in this case was filed, among other things provides: "If the commissioners at any time either before or after

the organization of the district, find that other land, not embraced within the boundaries of the district, will be benefited by the improvement or improvements already made, they shall assess the estimated benefits to such lands, and shall specially report to the board of supervisors," etc.

If this was an original application for the establishment of a drainage district, the chancery court of one or the other counties would be the only court having jurisdiction. It is not an original application so far as the added lands are concerned. The owners of these lands have never been in court before; were not interested and were not parties to the original proceeding before the board of supervisors of Yazoo county; the board of supervisors have never had jurisdiction of them; the lands are situated in two counties; and now when the attempt is made to add these lands to the original district to make, as it were, a new district under the old name, is not the law specific that the application should be made to the chancery court of one of the counties?

In this respect the present case is different from that of *Box* v. *Straight Bayou Drainage District,* 121 Miss. 850. There the chancery court of Yazoo county had by legal notice obtained jurisdiction of all the landowners in the district; there it had proceeded toward the establishment of the district, but had not completed it, and thus having properly obtained jurisdiction, retained it to the end. In the case at bar the district is fully established; but it is proposed to bring in new parties, parties who were not interested in the original district, and therefore have never been before the board of supervisors and of whom the board never had jurisdiction.

The statute giving the board of supervisors jurisdiction, says it only has jurisdiction where the land lies wholly in one county while the facts in this case show the land to be in two counties. *Ita lex scripta est,* seems to us to be a complete answer to the contention that jurisdiction is vested elsewhere than in the chancery court.

The case at bar is further distinguished from the Box case, in that under the law creating the county of Humphreys it was provided: "That all suits, both civil and criminal, now pending in the circuit and chancery courts of Washington, Holmes, Yazoo, Sharkey and Sunflower counties shall remain and be finally determined in said courts," and it was held in the Box case, that the formation of the Straight Bayou Drainage District, being incomplete was a pending suit, and hence came under the provision above referred to creating the county of Humphreys. This is not true in the case at bar. Under no circumstances can it be said that the present petition, to add new and different lands to the district, was a pending suit, when Humphreys county was created. The establishment of drainage districts being statutory, our own idea about the law is that whenever it appears that the land embraced in the district are in two counties, that *ipso facto*, the chancery court of one or the other counties has jurisdiction and even if then pending before a board of supervisors the latter would lose jurisdiction, and the reason for our belief is that the law is so written.

Suppose as now constituted, the entire district was in Yazoo county, and the lands to be added were wholly in Humphreys county, would the fact that when constituted the entire district was in Yazoo county, gives the board of supervisors of Yazoo county jurisdiction over the lands in Humphreys? If this were true, after the lands in Humphreys county were added, other lands in Sharkey, Sunflower and Washington counties might be added on the same plea, and thus the board of supervisors of Yazoo county, would have jurisdiction over lands, in the way of fixing assessment of benefits, and making annual levies thereon, in five or six different counties. No such thing was ever contemplated under the law, but on the contrary it asserts, that in such cases the jurisdiction is in the chancery court of one of the counties in which the land is situated.

With these views we respectfully submit that the demur-rer as to the jurisdiction of the chancery court should have been overruled.

*Barbour & Henry* and *E. S. Brown,* for appellees.

The single question involved in this case is whether the board of supervisors of Yazoo county or the chancery court of that county has jurisdiction to extend the boundaries of the appellant, its territorial limits, at the date of organi-zation, having been in that county, but now wholly within the county of Humphreys, and the territory proposed to be added being now in both of said counties, while both original territory and all of that proposed to be added were in the county of Yazoo, as constituted at the date of or-ganization.

At the date of organization, the board of supervisors had jurisdiction of the entire territory, that then included and all that now proposed to be included, and the question is, has it lost jurisdiction of the whole territory, simply be-cause, since that time, a part of that territory has been placed in Humphreys county. The last paragraph of the opinion in *Box* v. *Drainage District,* 121 Miss. at page 865, is conclusive of this case involving the same act. Sub-stituting for court, the word board, that part of the opin-ion covers this case exactly.

"There is another reason, however, why the decree of the lower court must be affirmed, and that is this: Chapter 269, Laws of 1914, confers jurisdiction upon the chancery court where the land is comprised in more than one coun-ty. By this act, the chancery court is empowered to con-tinue this jurisdiction during the life of the district. There is nothing in the act prescribing any manner in which the court may lose this jurisdiction once acquired. The ques-tion is purely a statutory one, and the legislature has con-ferred this power in this case upon the chancery court of Yazoo county, and this court will continue to have jurisdic-

tion. of the affairs of this district, until the legislature sees fit to deprive it of this jurisdiction."

Noting that, in a prior part of the opinion, the court had held that the general scheme of chapter 269 makes the proceeding for the establishment and administration of the drainage district a judicial proceeding, we see that there is no distinction to be taken between the board of supervisors and the chancery court. Hence, that paragraph of the opinion may be applied to this case, with entire accuracy, reading it thus:

"There is another reason, however, why the decree of the lower court must be affirmed, and that is this: Chapter 269, Laws of 1914, confers jurisdiction upon the board of supervisors, where the land is comprised in one county. By this act, the board is empowered to continue this jurisdiction during the life of the drainage district. There is no provision in the act transferring the jurisdiction to any other board or court, under any conditions. There is nothing in the act prescribing any manner in which the board may lose this jurisdiction, once acquired. The question is purely a statutory one, and the legislature has conferred this power on the board in this case, and this board will continue to have jurisdiction of the affairs of the drainage district, unless the legislature sees fit to deprive it of this jurisdiction."

The board is no less a court than is the chancellor, in acting under this act, and each is bound to exercise judicial power. Therefore, the paragraph quoted is bound to apply in this, as in that case. The reasoning employed in the Box case to determine that the proceeding was a pending suit is no less decisive, than that employed in the quoted paragraph.

Section 1 of this act provides for the giving of notice looking to the organization of the district and to hearing objections, and the court, or the board of supervisors has to determine the sufficiency of the petition and pass upon the objection, etc. Section 3 provides that the order of the board of supervisors (or the chancellor or chancery court),

establishing said district shall have all the force of a judg-
ment and gives the right to appeal. Under this section the
organization of the district by the chancery court of Yazoo
county was a judicial act. In a broad sense of the word
it was a pending suit, in this court at the time of the de-
cree organizing the district. After its organization, how-
ever, under this act there are many other things to be done,
namely, the appointment of commissioners, the plan of
the drainage district, the improvements to be made, and
the assessments of betterments. Commissioners are ap-
pointed who attend to the administrative duties, who make
reports to the chancery court, and there contests can be
had and judicially determined. These contests are judi-
cial questions and part of the general scheme and plan
of administering the affairs of the drainage district.

The attempt of counsel opposite to distinguish the Box
case fails. They say that, in that case, the chancery court
had obtained jurisdiction of all the landowners in the dis-
trict; there it had proceeded toward the establishment of
the district; but had not completed it, and thus having
properly obtained jurisdiction, retained it to the end. In
the case at bar, the district is fully established but it is
proposed to bring in new parties, parties who were not in-
terested in the original district and therefore have never
been before the board of supervisors and of whom the board
never had jurisdiction.

This is an inaccurate statement. In this case, the dis-
trict, if this additional territory be added, had not been
completed; in this case the district is not fully established
if territory as proposed, is yet to be added thereto. In
this case, the original parties before the board are as much
interested in the added territory as the new parties sought
to be brought in. In this case the board of supervisors
still has that case pending for all purposes, and one of
these purposes under the law is to bring in additional
territory, else that could not have been done.

Counsel are also inaccurate in saying that the
Box case held, that the formation of the Straight

Bayou Drainage District being incomplete, a suit was pending, and hence came under the provision providing for jurisdiction of the chancery court. The court held, that the suit was pending, and this court will continue to have jurisdiction of the affairs of the district until the legislature sees fit to deprive it of this jurisdiction.

If there was a suit pending before the chancery court of Yazoo county, when the Box case was instituted, there was a case pending before the board of supervisors, when this proceeding was instituted, unless, contrary to all of the implications of the Box case, a suit pending could exist only in the chancery court and not before the board.

It is respectfully submitted that the decree appealed from should be affirmed.

Holden, J., delivered the opinion of the court.

This suit involves the question of whether the board of supervisors or the chancery court has jurisdiction over the affairs of a drainage district situated in two counties, which proposes to add additional lands, in two counties, for assessment for benefits received, under chapter 269, Laws of 1914.

The Atchafalaya Levee & Drainage District was organized under chapter 195 of the Laws of 1912, but its organization was completed, and it was established as a district, and declared a body politic and corporate under chapter 269 of the Laws of 1914, amending chapter 195 of the Laws of 1912.

At the time of its organization, and at the time of its establishment as a drainage district, and when declared a body politic and corporate, all the land in said district was in Yazoo county and under the laws above referred to the board of supervisors of Yazoo county had exclusive jurisdiction in the matter. This state of affairs continued until the formation of Humphreys county, in June, 1918, when a large portion of the land in the district was taken

48

from Yazoo county and put in Humphreys county. At this time the district was completely established, was a body politic and corporate, and had finished the improvements originally planned. Originally the commissioners were appointed by the board of supervisors of Yazoo county, one for two years, one for four years, and one for six years. Since the formation of Humphreys county, the board of supervisors of Yazoo county has filled all vacancies on the board of commissioners; the legality of such appointments having never been called in question. Under the existing state of affairs the acting commissioners of the district being of the opinion that other lands, some in Yazoo county and some in Humphreys county, than those embraced in the original district as constituted in 1914 by the board of supervisors of Yazoo county, had been benefited by the improvements already made, desired to have these lands added to the original district, so that they should bear their *pro rata* share of the expenses, and to this end assessed these lands with the benefits received, filed a petition in the chancery court of Yazoo county to have these assessments approved, gave the legal notice required, and were met there with a demurrer by the appellees calling in question the jurisdiction of the chancery court, which demurrer was sustained, and hence this appeal.

The single question presented to us is whether the board of supervisors of Yazoo county, or the chancery court, of that county, has jurisdiction to extend the boundaries of the appellant drainage district, its territorial limits, at the date of organization, having been wholly in that county, but now partly within the county of Humphreys, and the territory proposed to be added being now in both of said counties.

After a careful consideration of the legislative act authorizing the creation and extension of drainage districts, we have reached the conclusion that the legislature intended that where the land in the proposed district is wholly within one county the board of supervisors has sole jurisdiction to form the district and carry out the purposes

of the act; and when the land in the proposed or established district lies in two or more counties the chancery court has exclusive jurisdiction. This seems to be the clear meaning and intent of the statute.

The purpose of the proceeding in the case before us is to add new territory to the old district for assessment purposes, which new territory lies in the counties of Yazoo and Humphreys. The act provides that: "If land in more than one county is embraced in the proposed district, the application shall be addressed to the chancery court of any county of such district, and all proceedings shall be had in such chancery court."

That the creation of Humphreys county would take within its territory a part of the old Atchafalaya district was a contingency not thought of by the makers of the law, but the jurisdiction is given the chancery court where the land embraced in the district is in two counties, and this is true where the new territory proposed to be added to the old district comprises lands lying in two counties. Therefore, since the land embraced in the new territory sought to be added to the old district, which old district has come to lie in two counties since its formation, lies in two counties, the chancery court has sole jurisdiction to establish and organize it into the old drainage district.

The appellee contends that because the board of supervisors had sole jurisdiction over the old district, while wholly in Yazoo county, the board would have jurisdiction over the proposed added territory. But we do not so understand the legislative intent. That the supervisors of one county should exercise jurisdiction over the lands of a drainage district in another county was not contemplated by the legislature, as evidenced by the very statute itself, providing expressly that the chancery court should hear and determine the question of establishing drainage districts, and have jurisdiction over their functioning, where the land embraced therein was in two or more counties. The statute is so written, and the unforeseen event of the

creation of Humphreys county has caused a condition which must be solved by construing the statute in accordance with the legislative mind, which was that the jurisdiction over any drainage district, old or new, embracing lands in two counties, shall be in the chancery court.

The decree of the lower court is reversed, and the case is remanded for further proceedings after filing of the mandate in the lower court.

*Decree reversed, and case remanded.*